## VAN BRUNT *against* SCHENCK.

Where an officer, by a violation of his trust, may become a trespasser, *ab initio*.

ONE of the officers of the revenue, had seized a schooner belonging to the plaintiff, for an alleged breach of the embargo law. Shortly after the seizure, and before adjudication, the defendant, with the permission of the seizing offi·cer, used the vessel for two days, in the transportation of goods belonging to defendant, from the city of New York to Hurlgate, and then returned her into the custody of the seizing officer. The vessel was afterwards tried in the admiralty, where the plaintiff appeared and resisted the forfeiture, and upon that trial she was acquitted upon payment of costs. The judge certifying that there was probable cause for seizure. Upon due application to the court, pending the proceedings, the vessel, however, had been sold on the ground of her being in a perishable condition, and the proceeds were brought into the admiralty, which, by the decree above mentioned, were ordered to be paid over to the plaintiff on deducting the costs. This was an action of trespass, brought against the defendant under the circumstances above mentioned, for using the vessel after the said seizure.

Plea, *non cul.*

The plaintiff's counsel contended, that the act of the defendant made him a trespasser *ab initio*, and that the plaintiff was entitled to recover from him the value of the vessel. They compared this case to the case of a distress

damage feasant, where the cattle were used by the distrainor after seizure, that this act made him a trespasser *ab initio*.

The defendant's counsel contended, that there was a manifest distinction between this case, and the case of a distress; that here the article was seized as a forfeiture, but in the case of distress was held only as a pledge, until damages should be paid; that the vessel was returned to the custody of the law, that the plaintiff had so considered it, by appearing and litigating in the admiralty court. That, therefore, nothing could be recovered, but a fair compensation for the use of the vessel, and for damages, if any injury had befallen her.

KENT, C. J.    The act of the defendant and the seizing officer, having made them trespassers *ab initio*, the plaintiff might have sued both, for both were principals; he, however, has elected to sue the defendant, and against him he is entitled to recover the value of the vessel. The defendant, as to the proceeds of the sale in the admiralty, must be considered as the purchaser of the vessel, and to those proceeds, therefore, he is entitled.    I can see no difference between this case and the case of a distrainor, using the distress.    The rule may be hard upon the defendant, but, as a general rule, it is beneficial to the community.    Should the defendant's conduct, in this particular, be deemed permissible, it would open the door to great enormities.

Verdict for plaintiff, $600.(1)

(1) This case was fully discussed before the supreme court, and decided in August term, 1814, (11 Johns. 377,) Thompson, C. J., and Spencer and Yates, Justices, being in favor of a new trial, and Van Ness and Platt, Justices,

*Wells* and *Brinkerhooff*, for plaintiff.

*Baldwin* and *Ferguson*, for defendant.

against it. Kent, C. J., having in the interval been promoted to the office of chancellor.

Spencer, J., delivered the opinion of the court, and held that the defendant could not be considered a trespasser *ab initio*, inasmuch as he was not implicated in the first taking; and that the plaintiff, being dispossessed of his vessel by legal authority, could not maintain trespass for an act done with leave of the person holding possession, whilst he was so dispossessed. Van Ness, J., who delivered the opinion of the dissenting judges, held that the moment the seizing officer loaned the vessel to the defendant, he lost his official character, and became a trespasser *ab initio*, that thereupon, as between the seizing officer and the plaintiff, the plaintiff was entitled to possession, and the law consequently created in the plaintiff a constructive possession, sufficient to maintain the action against the defendant. This cause was tried a second time, at the April sittings, 1814, before Mr. Justice Van Ness, who, when the cause was about to be submitted to the jury, stated, that under the decision of the court in this case, on the motion for a new trial, he should feel himself bound to charge the jury against the plaintiff's right to recover. The plaintiff then submitted to a non-suit, with liberty to move the court to set it aside. The case was thereupon re-argued and decided in August term, 1816. 12 Johns. 414. At the second trial, it appeared that the seizing officer had reported the seizure to the defendant, who approved of it; the court held this to be a complete ratification and adoption of the act of seizure, and that it put the defendant, in whose name the vessel was libelled, in the same situation as if he had made the seizure. The court also held, that the abuse by the defendant, of the authority given him by the law, would have made him a trespasser *ab initio*, if the district court had not granted the certificate of probable cause; that this certificate, as to the act complained of, puts the seizing officer in the situation of a person who is guilty of an abuse of an authority in fact, who does not thereby become a trespasser *ab initio*, but is liable to make satisfaction to the owners of the property, for the abuse of his authority. The court thereupon decided, that the plaintiff's remedy was by a special action on the case, for whatever damages he had sustained by defendant's using the vessel, contrary to his duty as a public officer.